UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO CASTRO-DIAZ, | |
| Petitioner, | Civ. No. 13-7214 (KM) |
| v. | **OPINION** |
| BOARD OF IMMIGRATION APPEALS, et al., | |
| Respondents. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Mario Castro-Diaz, is a citizen of Peru who has been ordered removed from the United States. He is currently detained at the Essex County Correctional Facility in Newark, New Jersey. Mr. Castro-Diaz, appearing *pro se,* has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the order of removal and also argues that he is entitled to a bond hearing. To the extent that the petition challenges the order of removal, this Court lacks jurisdiction over it; this claim will be severed and transferred to the United States Court of Appeals for the Third Circuit. The remainder of the petition will remain in this Court, but will be administratively terminated without prejudice, because Mr. Castro-Diaz has failed to either pay the Court's filing fee or to submit a complete application to proceed *in forma pauperis*. If and when that deficiency is corrected, this Court will hear the remaining claim.

1

## II. BACKGROUND

Mr. Castro-Diaz was released from the Ocean County Jail after completing service of a sentence for two counts of child neglect. On June 14, 2013, an Immigration Judge ordered that Mr. Castro-Diaz be removed from the United States. The Board of Immigration Appeals ("BIA") affirmed the decision of the Immigration Judge on October 15, 2013.

On November 13, 2013, Mr. Castro-Diaz filed the current habeas petition in this Court by delivering it to the prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). His petition seeks judicial review of the order of removal and a bond hearing.

## III. STANDARD FOR *SUA SPONTE* REVIEW

The relevant statute, 28 U.S.C. § 2243, provides for the Court's initial screening of a habeas petition:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Because Mr. Castro-Diaz is proceeding *pro se*, his petition is held to less stringent standards than a pleading drafted by a lawyer. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

A. <u>Challenge to Removal</u>

Mr. Castro-Diaz's petition expressly asks this Court to review the legality of his order of removal. The REAL ID Act, enacted May 11, 2005, effectively strips district courts of jurisdiction over habeas petitions for review of orders of removal, and lodges exclusive jurisdiction in the Courts of Appeals:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 or Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). The modifications "effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (citation omitted). Accordingly, the REAL ID Act effectively provides that a district court has no jurisdiction to hear a habeas petition challenging an order of removal. *See Urquiaga v. Hendricks*, No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United States*, 549 F.3d 235, 244-45 (3d Cir. 2008); *Appiah v. United States Customs & Immigration Serv.*, No. 11-317, 2012 WL 4505847, at *3 (D.N.J. Sept. 25, 2012); *Gallego-Gomez v. Clancy*, No. 11-5942, 2011 WL 5288590, at *2

3

(Nov. 2, 2011), *aff'd*, 458 F. App'x 91 (3d Cir. 2012) (per curiam); *Calderon v. Holder*, No. 10-3398, 2010 WL 3522092, at *2 (D.N.J. Aug. 31, 2010)); *see also Duvall v. Attorney Gen. of United States*, 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals.") (citation omitted); *Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

As established above, the REAL ID Act strips this Court of jurisdiction to consider such a claim. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The court—the only court— in which this habeas challenge could have been brought is the "appropriate court of appeals." 8 U.S.C. § 1252(a)(5). The "appropriate" court of appeals in this instance would be the United States Court of Appeals for the Third Circuit. Mr. Castro-Diaz could and should have sought judicial review of his removal there.

I therefore find that it is in the interest of justice to sever the portion of the petition that seeks judicial review of Mr. Castro-Diaz's removal order and to transfer that portion of the petition to the court that has jurisdiction over it, the United States Court of Appeals for the Third Circuit.

B. <u>Bond Hearing</u>

As I say, I have severed the challenge to the removal order and transferred it to the Court of Appeals. A second claim remains. The petition also alleges that Mr. Castro-Diaz has been in immigration detention for over seven months without a bond hearing, and he asks the court to

order such a hearing. (*See* Dkt. No. 1 at p. 5.) This second component of the petition is best viewed, not as a challenge to the removal order, but as a challenge to the legality of the petitioner's detention.

The district courts retain jurisdiction over habeas challenges to the legality of detention. *See Bonhometre*, 414 F.3d at 446 n.4 ("An alien challenging the legality of his *detention* still may petition for habeas corpus") (emphasis in original) (citation omitted); *Walker v. Sabol*, No. 13-1862, at *1 (M.D. Pa. July 12, 2013) (citing *Clarke v. Dep't of Homeland Sec.*, No. 09-1382, 2009 WL 2475440 (M.D. Pa. Aug. 12, 2009); *see also* 28 U.S.C. § 2241(c)(3). Accordingly, this Court may retain jurisdiction over this second claim.

There is, however, a procedural barrier to consideration of this second claim. Before this Court can proceed, Mr. Castro-Diaz must do one of two things: (a) he must pay this Court's $5.00 filing fee, or (b) he must submit a completed application to proceed *in forma pauperis*.

Mr. Castro-Diaz has filed an application to proceed *in forma pauperis,* but the application is not complete. If he intends to proceed, he must remedy this deficiency.

> Whenever a Federal, State, or local prisoner submits a . . . petition for writ of *habeas corpus* . . . and seeks *in forma pauperis* status, the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceeding and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.

Local Civ. R. 81.2(b). Mr. Castro-Diaz's application fails to include a certified statement from an authorized officer of the Essex County Correctional Facility that certifies (1) the amount presently on deposit in his prison account, and (2) the greatest amount on deposit in his prison account during the six-month period prior to the date of the certification. As a result, this Court

cannot, consistent with the local rules, determine whether Mr. Castro-Diaz is in fact indigent for purposes of granting *in forma pauperis* status. *See* Local Civ. R. 81.2(c) ("If the prison account of any petitioner or movant exceeds $200, the petitioner or movant shall not be considered eligible to proceed *in forma pauperis*.")

Accordingly, the application to proceed *in forma pauperis* will be denied without prejudice. This case will be administratively closed, without prejudice, until and until such time as Mr. Castro-Diaz pays the filing fee or submits a complete application so that the Court may rule on his application to proceed *in forma pauperis*.

## V. CONCLUSION

For the foregoing reasons, Mr. Castro-Diaz's petition for judicial review of his order of removal will be severed from the remainder of the petition and transferred to the United States Court of Appeals for the Third Circuit. The remainder of the petition shall remain in this Court, but will be administratively terminated unless and until Mr. Castro-Diaz either pays the filing fee or submits a complete application to proceed *in forma pauperis*. An appropriate order will be entered.

Dated: December 4, 2013

_____
Kevin McNulty
United States District Judge